FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 1:17 pm, Jul 30, 2020

# In the United States District Court for the Southern District of Georgia
## Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 217-020-7 |
| ANTHONY JOSEPH PARSE, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Anthony Parse's motion for reconsideration of this Court's Order dismissing his motion for compassionate release. Dkt. No. 431. For the reasons below, Parse's motion is **DENIED**.

## BACKGROUND

In October 2017, under a written plea agreement, Parse pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Dkt. Nos. 201, 202. In April 2018, the Court sentenced Parse to seventy-five months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 329. Parse did not directly appeal. In May 2020, Parse filed a motion for compassionate release with the Court. Dkt. No. 421. The Court denied his motion after concluding he had failed to show he had exhausted his administrative remedies with the BOP. Dkt. No. 423.

Parse now moves the Court for reconsideration of that Order. Dkt. No. 431. According to the BOP website, Parse is currently incarcerated at FMC Lexington located in Lexington, Kentucky, with a projected release date of November 2, 2021.

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582(c), he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). In Parse's original motion, he did not provide the Court with enough information to determine whether he had exhausted his administrative remedies. See Dkt. No. 421. Indeed, Parse's supplemental filings show that his motion to the Court was premature in that he did not wait the requisite thirty days for the BOP to respond to his request before filing a motion with the Court. Parse submitted a Reduction in Sentence ("RIS") request based upon compassionate release to the Warden on or about May 15, 2020. See Dkt. No. 431 at 4. Just eleven days later, on May 26, 2020, Parse's motion for compassionate release was received by the Clerk's Office and docketed; however, the motion itself was dated May 18, 2020. Dkt. Nos. 421; 421-2. It appears, therefore, that Parse filed his motion with the Court just three days after beginning the administrative remedy process with the BOP. Such a

2

premature filing with the Court does not meet the requirements of § 3582(c)(1)(A).

Nevertheless, Parse has shown that thirty days passed before he received the Warden's denial of his RIS request. His RIS request was submitted on or about May 15, 2020. Dkt. No. 431 at 4. Parse did not receive the Warden's denial until July 1, 2020. Id. At first blush, it would appear Parse exhausted his administrative remedies as required by § 3582(c)(1)(A). Upon closer examination of the Warden's denial, however, the Court is not persuaded that he has done so. The Warden's denial letter was critical of Parse's RIS request for its "lack of information" in that Parse did "not provide any clarification on how [he] would like to be considered for the program." A valid administrative request is required before the 30-day deadline under § 3582(c)(1)(A) is triggered. Cf. United States v. Lynn, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019), appeal dismissed, No. 19-13239-F, 2019 WL 6273393 (11th Cir. Oct. 8, 2019) (rejecting defendant's argument that the 30-day period in § 3582(c)(1)(A) is an "absolute deadline for BOP to provide input into a court's compassionate release determination"). The Court gleans from the Warden's denial letter that Parse's RIS request did not describe a basis for his compassionate release request, i.e. extraordinary and compelling reasons, including medical

3

condition, age, family circumstances or "other reasons." See § 3582(c)(1); U.S.S.G. § 1B1.13, application note 1.

Without Parse's original request, it is impossible for the Court to determine whether Parse in fact submitted a valid administrative remedy request or, if he did, the basis upon which his request was based. See United States v. Valenta, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." (citing Gadra-Lord v. Doe, 736 F. App'x 30, 32 (3d Cir. 2018))).

## CONCLUSION

Once again, Parse has not provided the Court with enough information to conclude he has exhausted his administrative remedies. As such, his motion for reconsideration of the Court's previous dismissal of his motion for compassionate release, dkt. no. 431, is **DENIED**.

**SO ORDERED**, this 29 day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4