FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 2:11 pm, Oct 06, 2020

# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 217-020 |
| | ) | |
| ANTHONY JOSEPH PARSE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Anthony Parse's motion for the Court to provide a recommendation to the Bureau of Prisons ("BOP") that he be granted a twelve-month pre-release placement in a residential reentry center ("RRC"). Dkt. No. 435. He describes his potential to become homeless upon release from BOP custody and requests "as much time in the RRC as he can be afforded" in order to "earn enough income to be able to . . . become stable," "reestablish himself in the community and lead a successful crime free lifestyle." Id.

Under 18 U.S.C. § 3624(c),

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

> The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

§ 3624(c)(1)-(2). Pre-release custody placement like the one sought by Parse is a matter committed to the authority of the BOP. However, the Eleventh Circuit has recognized the sentencing court's ability to issue a non-binding recommendation to the BOP regarding a defendant's placement in an RRC. See, e.g., United States v. Martin, 877 F.3d 1035, 1036 (11th Cir. 2017) (listing cases from other circuits that recognize such non-binding recommendations); see also 18 U.S.C. § 3621(b)(4)(B) (when designating a defendant to any available penal or correctional facility, the BOP may consider "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate").

Some courts have held that a defendant must exhaust his administrative remedies with the BOP before filing a motion with the Court for a recommendation. See, e.g., United States v. Morales-Morales, 985 F. Supp. 229, 231 (D.P.R. 1997). Here, the Court finds that Parse has exhausted his administrative remedies, because he filed a motion with the Court pursuant to his BOP case manager's direction. See Dkt. No. 435.

The Court concludes that it may issue a non-binding recommendation to the BOP regarding a defendant's placement in

2

an RRC.   Accordingly, Parse's motion is **GRANTED**.   The Court **RECOMMENDS** that Parse be placed in an RRC for the last twelve months of his sentence.

**SO ORDERED**, this 6 day of October, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA